# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**GLORIA S. JACKSON**                                            **PLAINTIFF**

**V.**                                                                **NO. 2:11CV061-M-S**

**WAL-MART**                                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

This employment discrimination complaint was filed on March 24, 2011, by the plaintiff, Gloria Jackson, who is proceeding *pro se*.[1] The undersigned *sua sponte* takes up the dismissal of this matter pursuant to 28 U.S.C. §1915(e)(2).

### A. Instant Complaint

In this complaint, like every one she has filed, the plaintiff is attempting to state various claims for employment discrimination based on gender, race and age. Like her other civil suits, this complaint is similarly frivolous. Having reviewed most of her complaints, it appears as though the plaintiff's pattern is to apply for a job and, when she is refused employment, she files a discrimination complaint.

### B. History of Litigation

The court has previously cautioned the plaintiff about this type of meritless filing and warned that sanctions, up to and including being barred from filing, might be imposed. *See Jackson v. Carlisle*, *Syntec, Inc.*, 2:10CV220-D-S (order dated February 25, 2011). Despite the stern warning, an undeterred Ms. Jackson filed seven new employment discrimination cases, including this one, on March 24, 2011.

In addition to the seven new cases, Ms. Jackson's prior filings include six similar complaints since November, 2010. Of these six cases, one was transferred to the Western District of Tennessee,

---

[1] On this same day, the plaintiff caused six other job discrimination complaints to be filed in this court. All seeking permission to proceed without prepayment of fees and each with a motion to appoint counsel.

2:10CV194-P-S; two have been recommended for dismissal, 2:10CV195-P-S and 2-10CV210-P-S; and three have been closed adversely to Ms. Jackson, 2:10CV206-P-A, 2:10CV220-D-S, and 2:10CV221-P-A.

### C. Sanctions

Title 28 U.S.C. Section 1927 authorizes sanctions against persons who multiply the proceedings in a case unreasonably or vexatiously. The purpose of the statute is to deter frivolous litigation and abusive practices. *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). When a litigant's abuse of process overburdens a court, the Fifth Circuit has approved the use of strong sanctions which have included a refusal to allow the person to file any more complaints or motions in the district court without first obtaining leave of court to do so. *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994); *Green v. Carlson*, 649 F.2d 285, 286 (5th Cir. 1981) (forbidding any pleadings).

### D. Barring Filings

Ms. Jackson's unrelenting barrage of filings has exceeded abusive and shows a complete disregard for the previous warning. Because each complaint is accompanied by a request to proceed without the filing fee, a monetary sanction would not be appropriate or have any efficacy. Rather than monetary sanctions, the undersigned recommends that Ms. Jackson be completely barred from any further filings in this court. *See Potts v. Texas*, 354 Fed. Appx. 70, 2009 WL 3806073 at *1 (5th Cir. Nov. 13, 2009) (recognizing that barring a litigant from filing without permission based on a pattern of frivolous filings is appropriate).

Therefore, from his day forward, the undersigned recommends that Ms. Jackson should no longer be allowed to file, either directly or indirectly, any civil matter in this court without payment of fees *and* written permission from a United States District Judge. Ms. Jackson should further be barred from filing any civil action in this court and from filing any civil action in any other court that is removable or transferable to this court, without first paying the filing fee *and* obtaining written permission from a United States District Judge. If the plaintiff files a motion for leave to file a new

complaint, the proposed complaint must be attached to the motion, and any such motion for leave should be filed as a miscellaneous case and submitted to an Article III judge for review. If Ms. Jackson seeks to appeal this dismissal, her notice of appeal should be accompanied by the fee for an appeal of $455.00. The undersigned further recommends that should the bars be imposed that they will remain effective until such time that the order has been vacated or set aside by an appellate court.

*E. Conclusion*

It is the recommendation of the undersigned, therefore, that the plaintiff's complaint be dismissed as frivolous. It is further recommended that Ms. Jackson be barred from filling any more pleadings in this court without prepayment of fees and permission by and Article III judge.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 30th day of March, 2011.

/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE